**William ANDREWS, Petitioner,**

**v.**

**Eldon BARNES, as Warden of the Utah State Prison, Respondent.**

**No. 890359.**

Supreme Court of Utah.

Aug. 18, 1989.

Certiorari Denied Oct. 30, 1989.

See 110 S.Ct. 354.

Timothy K. Ford, Seattle, Wash., Gordon G. Greiner, Mary V. Stolcis, Sandra Goldman, Patricia A. Rooney, Denver, Colo., Robert M. Anderson, Salt Lake City, for petitioner.

Robert R. Wallace, T.J. Tsakalos, Daniel S. McConkie, Salt Lake City, for respondent.

**PER CURIAM:**

■ This case is here as a petition for a writ of habeas corpus. As a result of the testimony given by Judge Robert Newey, who had been the prosecutor in the trial of William Andrews, the question has been raised in this petition whether the State exercised one of its peremptory challenges against a juror in the trial of this matter on the basis of the juror's race. Since the issue did not arise until the testimony given by Judge Newey before the Board of Pardons, there is good cause under rule 65B(i)(4), Utah Rules of Civil Procedure, which warrants addressing the issue on its merits even though there have been previous petitions for writs of habeas corpus filed in this Court. *Hurst v. Cook,* 777 P.2d 1029 (1989).

■ Although a superficial reading of Judge Newey's testimony before the Board of Pardons might lead one to conclude that the exercise of the peremptory challenge was based on race, the trial transcript of the actual voir dire examination casts the matter in a different light. The putative juror, a law enforcement officer who exhibited commendable forthrightness, stated that he believed that those persons who had been charged with crimes as a result of his investigations were in fact guilty. He also stated that he believed that his fellow

officers on the Ogden police force believed the same. It is clear from the transcript of the voir dire questioning, that some of those officers were scheduled to appear as witnesses in the trial of this matter. Counsel for co-defendant Dale Selby Pierre moved to remove the juror, James H. Gillespie, Jr., for cause. That motion was expressly joined by counsel for William Andrews. The trial judge denied the motion. Mr. Newey then indicated a willingness to agree to the striking of Mr. Gillespie so that no peremptory challenges would have to be used by defendants to remove him. The trial court indicated a willingness to do so if all the parties would stipulate to the removal of Mr. Gillespie. Counsel for Keith Roberts, another co-defendant, however, refused. As a result Mr. Gillespie was passed for cause.

Based on this portion of the transcript, it appears that the State's reason for being willing to stipulate to the removal of Mr. Gillespie and later for the exercise of a peremptory challenge to strike him from the venire was to protect against possible error and a subsequent appeal that might be based on that issue. In all events, the record is undisputed that counsel for William Andrews clearly agreed to the removal of Mr. Gillespie after the motion to strike for cause was denied. Having twice sought to remove Mr. Gillespie from the jury panel, William Andrews cannot now claim that he was somehow prejudiced by the State's removal of Mr. Gillespie. For these reasons, we do not believe that petitioner's constitutional rights were in any way prejudiced.

■ Petitioner also asserts that error was committed in the penalty phase of the trial by virtue of the fact that a witness testified that three persons who had been convicted of first degree murder and subsequently released from the state prison had again committed murder. Petitioner asserts that the testimony was inaccurate in that only one of those persons can be shown to have committed murder. Even if petitioner's allegation is accurate, we do not believe that the error was sufficient to have played any role whatsoever in the

jury's determination of the appropriate penalty under the circumstances.

Justices DURHAM and ZIMMERMAN dissent with respect to the Court's ruling on the striking of juror James H. Gillespie from the jury panel. They would issue a stay of execution of sentence and refer the peremptory challenge issue to the district court for an evidentiary hearing before addressing the merits of the petition. They view the prosecutor's statement before the Board of Pardons as raising a factual issue about the basis for the decision of the peremptory challenge.

The petition for habeas corpus is denied.